UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID GARNER,                          )       Case No.: 1:15 CV 270
                                       )
        Petitioner                     )
                                       )       JUDGE SOLOMON OLIVER, JR.
        v.                             )
                                       )
WARDEN, FCI SCHUYLKILL,                )
                                       )       MEMORANDUM OF OPINION
        Respondent                     )       AND ORDER

        *Pro se* Petitioner David Garner filed the above-captioned Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241. Garner is incarcerated in FCI-Elkton, having been convicted

in the United States District Court for Northern District of Ohio in 2005 on one count of conspiracy

to possess with intent to distribute and distribution of cocaine base ("crack"), and two counts of

possession with intent to distribute and/or distribution of cocaine base ("crack"). *See United States

v. Garner*, No. 1:05 cr 0044 (N.D. Ohio indict. filed Feb. 2, 2005).  He was sentenced on May 31,

2006 to a term of imprisonment of 240 months to run consecutive to his sentence for count 2 in Case

No. 1:05 cr 392.  In this Petition, he asserts he is entitled to relief from his conviction and sentence

because he is actually innocent of the sentencing enhancement imposed under 21 U.S.C. § 841(b)

for having a prior felony drug conviction.  He contends his conviction in Ohio in 2003 was not a

"felony drug conviction" as a matter of statutory construction, and was never determined by a jury

to be felony drug conviction.  He asserts he is entitled to bring this claim in a § 2241 petition based

on the United States Supreme Court's recent decision in *Burrage v. United States*, 134 S. Ct. 881 (2014).  He seeks immediate release from custody.  For the reasons set forth below, the Petition is denied.

## I.  BACKGROUND

In 2003, the Cleveland Police Department, the Cuyahoga Metropolitan Housing Authority, and the Federal Bureau of Investigation began a long-term joint investigation to target drug trafficking in the Morris Black Estates, a housing development in Cleveland, Ohio.  *See U.S. v. Garner*, 273 Fed.Appx. 487, 491, 2008 WL 961662, 4 (6th Cir. 2008).  While law enforcement relied on street sources, citizens, and victims of crime to aid their investigation, they also employed Charles Vaughn as a confidential informant to make controlled purchases of drugs.  *Id.*  During the same time frame as the joint investigation, but outside of Morris Black Estates, the Drug Enforcement Agency arrested Deonta Robinson, James Johnson, and Jermaine Green, who agreed to cooperate with the investigation.  *Id.*  Robinson and Johnson told law enforcement officers that twice a month the men jointly purchased half kilograms of powder cocaine.  *Id.*  After making the purchase, Robinson cooked the powder cocaine into crack cocaine and then sold the crack cocaine in varying quantities. *Id.*  Through the cooperation of Robinson, Johnson, and Green, officers identified Garner as a buyer and seller of crack cocaine.  *Id.*

Garner was indicted for conspiracy to distribute narcotics and for distribution of various amounts of crack cocaine between August 2003 and December 2004.  *Id.*  Fourteen other individuals, including Robinson, Johnson, and Green, were also indicted.  *Id.*  Garner was found guilty at trial of on one count of conspiracy to possess with intent to distribute and distribution of cocaine base ("crack"), and two counts of possession with intent to distribute and/or distribution of cocaine base

2

("crack"). *See United States v. Garner*, No. 1:05 cr 0044 (N.D. Ohio indict. filed Feb. 2, 2005)(ECF No. 335). The government filed a Information re; prior convictions in which they gave notice of their intention to seek a sentence enhancement under 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851 for having a previous "felony drug conviction." *United States v. Garner*, No. 1:05 cr 0044 (N.D. Ohio indict. filed Feb. 2, 2005)(ECF No. 291). He was sentenced to a term of imprisonment of 240 months incarceration. *United States v. Garner*, No. 1:05 cr 0044 (N.D. Ohio indict. filed Feb. 2, 2005)(ECF No. 415).

Garner filed a timely direct appeal of his conviction to the United States Sixth Circuit Court of Appeal, arguing that there was insufficient evidence to support the convictions. *U.S. v. Garner*, 273 Fed.Appx. 487, 491, 2008 WL 961662, 4 (6th Cir. 2008). Garner additionally appealed his sentence, arguing that his conviction should run concurrently, not consecutively, to a previously imposed, and then un-served, sentence. *Id.* His conviction and his sentence were affirmed. *Id.*

Garner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on October 6, 2009. *United States v. Garner*, No. 1:05 cr 0044 (N.D. Ohio indict. filed Feb. 2, 2005)(ECF No. 510). He alleged his sentence should be vacated on the following grounds: (1) his counsel was ineffective for failure to discuss plea offer; (2) his trial/appellate counsel was ineffective for failure to object, raise impeachment issues; (3) his counsel was ineffective for failing to allow him to testify; (4) his counsel was ineffective for failure to object to application of drug amounts attributable to him; (5) his counsel was ineffective for failing to object or challenge the testimony of Special Agent Lee Lucas, who testified as an expert; and (6) prosecutorial misconduct by violating discovery rules under *Brady v. Maryland* and *Giglio v. United States*. *Id.* This Court denied his §2255 Motion on April 29, 2011. *Id.* (ECF No. 532). He appealed

3

that decision to the Sixth Circuit Court of Appeals but was denied a certificate of appealability. *Id.* (ECF No. 556).

Garner filed a second  Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence on January 2, 2015, moving the court to retroactively apply a sentencing guidelines reduction. *Id.* (ECF No. 599).  He claimed the Supreme Court's holding in *Burrage v. United States*, 134 S.Ct. 881 (2014), established "a new 'substantive' change in the Supreme Court's interpretation of the elements of 21 U.S.C. §§ 846 and 841(a)(1), and their connection to 21 U.S.C. § 841(b)," that requires the "knowingly or intentionally" element to be extended to the facts in § 841(b), "especially the identity of the controlled substance." *Id.*  Further, Petitioner asserts that he is "actually innocent of the sentencing enhancement that was imposed on him [pursuant to] 21 U.S.C. § 851 for his conviction [for violating] 21 U.S.C. § 846 and 841(a)(1) . . . [b]ecause the Ohio Rev. Code § 2925.03 drug conviction is not a 'felony drug conviction,' as a matter of statutory construction." *Id.*  This Court determined the Petition was successive and transferred it to the Sixth Circuit pursuant to 28 U.S.C. § 1631; See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). *Id.* (ECF No. 603).  That case is still pending in the Sixth Circuit.

While his second § 2255 Motion was pending in the District Court, Garner filed a Petition for a Writ of Habeas Corpus pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, the judicial district in which he is incarcerated, asserting the same claim. (ECF No. 1) .  He contends the Supreme Court's holding in *Burrage v. United States*, 134 S.Ct. 881 (2014), established "a new 'substantive' change in the interpretation of the elements of 21 U.S.C.

4

§§ 846 and 841(a)(1), and their connection to 21 U.S.C. § 841(b)." (ECF No. 2 at 6). In this Petition, he claims his prior state drug conviction did not meet the statutory definition of a "felony drug conviction" and this fact was not determined by a jury. (ECF No. 2 at 6). The Middle District of Pennsylvania determined the proper petition to address sentencing issues was by a § 2255 Motion directed to the original sentencing court, and transferred the case to the Northern District of Ohio. (ECF No. 7).

## II.  STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright*

5

*v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an

6

intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

## III. ANALYSIS

Petitioner is clearly challenging the imposition of his sentence. He therefore can assert these claims in a § 2241 petition only if he demonstrates the "safety valve" provision of 28 U.S.C. § 2241 is applicable to his case. He must show that an intervening change in the law renders him actually innocent of the crime of which he was convicted. He claims the Supreme Court's recent decision in *Burrage* renders his sentence invalid because a jury did not find all of the elements of the enhancements, in this case, the fact of his prior felony conviction, before it was applied to increase his base level of conviction under the guidelines. He claims § 2255 is ineffective to raise this claim because the case was decided after he had pursued a direct appeal and a Motion to Vacate Conviction under 28 U.S.C. § 2255.

Garner, however, did file a second § 2255 Motion and that petition is pending in the Sixth Circuit. He therefore cannot demonstrate that his remedy under § 2255 would be inadequate or ineffective, until the Sixth Circuit determines whether he can proceed with a successive petition

asserting this new ground for relief.  The savings clause does not apply here, and Garner's attempt to assert these claims in a §2241 petition is premature.

### IV.  CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT


July 15, 2015

8